Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 1034 | **DATE** | 8/22/2002 |
| **CASE TITLE** | Joel Buie vs. Thomas F. Page | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the petitioner's motion for writ of habeas corpus pursuant to Section 2254 is denied. [Doc. #1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 2 7 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 4/4 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| vg(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel, Joel Buie | ) ) ) |
| Petitioner, | ) ) No. 97 C 1034 |
| v. | ) ) HONORABLE DAVID H. COAR |
| Thomas F. Page | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner's, Joel Buie ("Buie"), writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petitioner's motion is denied.

### Background

Petitioner Buie is imprisoned at Menard Correctional Center in Menard, Illinois, under the custody of Warden Thomas F. Page ("Page"). Petitioner was convicted in a jury trial in Cook County, Illinois of the murder and armed robbery of Bennie Ervin. Buie received a life sentence for murder and a concurrent 30-year sentence for armed robbery.

Buie pursued an appeal before the Appellate Court of Illinois in case number 1-88-2166, raising 11 claims: (1) his confession should have been suppressed because probable cause did not support his arrest; (2) the confession was coerced; (3) Maria Pulling ("Pulling"), a hair analysis expert, made an improper scientific conclusion; (4) Pulling's opinion was based on incorrect data; (5) Pulling's report differed from her trial testimony; (6) evidence did not demonstrate use of force; (7) the State presented improper hearsay testimony which the State relied on in closing

1

remarks; (8) insufficiency of the evidence; (9) juror Marilyn Rech should have been excused for cause; (10) evidence did not support a finding of brutal and heinous conduct; and (11) the life sentence was based on an unconstitutional statute. The appellate court affirmed the convictions and sentences.

Petitioner sought review of the appellate court's judgment before the Supreme Court of Illinois in case number 75066. Petitioner raised eight claims: (1) improper closing remarks by the State as to Maria Pulling's testimony; (2) Pulling's testimony improperly shifted the burden of proof (3) evidence did not support a finding of brutal and heinous conduct; (4) Petitioner's confession should have been suppressed because probable cause did not support his arrest; (5) the confession was coerced; (6) the State presented improper hearsay testimony; (7) the statute under which Petitioner was sentenced to life in prison was unconstitutional; and (8) insufficiency of the evidence. The Supreme Court of Illinois declined review.

Petitioner thereafter sought, pro se, post-conviction relief in the Circuit Court of Cook County. Attached to the form petition were two affidavits of Petitioner and 11 handwritten pages. Seven claims are discernable from the affidavits and handwritten pages: (1) the State failed to disclose evidence consisting of "a [finger]print dusting" from a beer bottle (affidavit of Petitioner); (2) Maria Pulling perjured herself with respect to testimony as to hair evidence, which testimony varied from her report (affidavit of Petitioner); (3) the evidence was insufficient to prove intent to kill (claim numbered 1 at handwritten pages 1-4); (4) the statute defining the offense of armed robbery did not indicate a mental state (claim number 2 at handwritten pages 4-5); (5) the State knowingly used Pulling's perjured testimony (claim number 3 at handwritten pages 5-7); (6) the jury instructions were inadequate in their failure to specify mental states

2

(claim number 4 at handwritten pages 7-8); and (7) trial counsel ineffectiveness with respect to: (a) failure to hold the State to its burden of proof (b) failure to challenge the insufficiency of the evidence regarding mental state; (c) failure to object to jury instructions (claim number 5 at handwritten pages 8-10). Post-conviction relief was summarily denied.

Through appointed counsel of the Office of the Cook County Public Defender, Petitioner sought to appeal the denial of post-conviction relief in case 1-94-0719.

Counsel subsequently sought to withdraw from the case pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), citing no basis to justify collateral relief. The Appellate Court of Illinois granted counsel's motion to withdraw and affirmed the circuit court's judgment denying relief. Petitioner did not seek further review.

On February 14, 1997, Petitioner filed his petition for habeas corpus now before this Court. Petitioner raises 12 claims: (1) the State improperly presented Maria Pulling's testimony regarding hair samples; (2) the State knowingly used Pulling's perjured testimony; (3) improper admission of hearsay; (4) Petitioner's confession should have been suppressed for lack of probable cause to support his arrest and because the confession was coerced; (5) juror Marilyn Rech should have been excused for cause; (6) the murder was not "accompanied by brutal and heinous behavior"; (7) the statute under which Petitioner was sentenced improperly permitted different penalties for murder; (8) prosecutorial misconduct; (9) ineffectiveness of trial and appellate counsel; (10) dissimilar treatment of Petitioner by Illinois supreme and appellate courts; (11) the cumulative effect of the above errors deprived Petitioner of due process and equal protection; and (12) Petitioner was tried without the aid of an interpreter.

Petitioner has exhausted his state court remedies for purposes of proceeding in this Court.

3

Petitioner does not challenge the facts as set out by Illinois' appellate court on direct appeal and on collateral review.

**Standard of Review**

Subsection (d) of Section 2254 of Title 28 of the United States Code governs the consideration of any claim adjudicated by a state court "on the merits." 28 U.S.C. § 2254(d); see Lindh v. Murphy, 96 F.3d 856 (7th Cir. 1996) (en banc), rev'd on other grounds, ___ U.S. ___ 117 S.Ct. 2059 (1997). Under subsection (d)(1), habeas relief may be awarded only where the state court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by" the United States Supreme Court. 28 U.S.C. § 2254(d)(1); see Lindh v. Murphy, 96 F.3d at 868-71. Under subsection (d)(2), habeas relief is only otherwise possible if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2).

The "contrary to" provision of Section 2254(d)(1) pertains to questions of law only. See Lindh v. Murphy, 96 F.3d at 868-69, 870. A federal court on habeas review is "free to express an independent opinion" on whether a state court has "deviate[d] from the Constitution" on a legal question "contrary to" United States Supreme Court pronouncements. Lindh v. Murphy, 96 F.3d at 868-69, 870-71. The "unreasonable application" exception of Section 2254(d)(1) pertains to questions of application of law to facts or, to use the standard phrase, "mixed question[s] of law and fact." Lindh v. Murphy, 96 F.3d at 870. Federal courts on habeas review are not free to express the same sort of "independent opinion" as to state court determinations of such mixed questions. Lindh v. Murphy, 96 F.3d at 869-71. The "unreasonable application" exception "tells

4

federal courts: Hands off, unless the [state court] judgment in place is based on error grave enough to be called 'unreasonable.'" Lindh v. Murphy, 96 F.3d at 870.

What constitutes an "unreasonable" application of law cannot be answered in the abstract. Lindh v. Murphy, 96 F.3d at 871. "[W]hen the constitutional question is a matter of degree, rather than of concrete entitlements, a 'reasonable' decision by the state court must be honored." Lindh v. Murphy, 96 F.3d at 871. That is, a "responsible, thoughtful answer reached after a full opportunity to litigate" the issue must be deemed "adequate to support the judgment." Lindh v. Murphy, 96 F.3d at 871.

"Questions of degree - like questions about the proper use of 'discretion' - lack answers to which labels 'right' and 'wrong' may be attached." Lindh v. Murphy, 96 F.3d at 871. And so, if the answer to such a question is "debatable among reasonable jurists," it cannot be deemed unreasonable. See Drinkard v. Johnson, 97 F.3d 751, 767-69 (5th Cir. 1996); Brown v. Cain, 104 F.3d 744, 749 (5th Cir. 1997); Moore v. Johnson, 101 F.3d 1069, 1076 (5th Cir. 1996); see also Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997) (stating that the statutory "'unreasonableness' standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes").

Because determination of factual issues is presumed correct under subsection (e)(1) of Section 2254, "unreasonableness" must equate, at least, to a demonstration of incorrectness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

**Discussion**

A. Claim 1

Petitioner raises three aspects to his claim that his conviction was based upon improper

5

admission of testimony of Maria Pulling, a hair analysis expert. Petitioner says: (1) Pulling's conclusion was incorrect, scientifically; (2) her analysis was based on "improper techniques"; and (3) the trial judge should have declared a mistrial for the late production of Pulling's report the content of which differed from her trial testimony. Petition at 31-35. For the following reasons, Buie is not entitled to habeas relief under claim 1.

Habeas relief is limited to violations of federal constitutional law, and so state court evidentiary rulings, such as Petitioner raises here, are "rarely" appropriate bases for habeas relief. Hans v. Abrahamson, 910 F.2d 384, 389 (7th Cir. 1990)~ see Estelle v. McGuire, 502 U.S. 62, 67 (1991). That was so even prior to recent amendment of Section 2254 by the Antiterrorism and Effective Death Penalty Act of 1996; absent demonstration of violation of a specific constitutional right, habeas relief could only be granted on due process grounds where a state court evidentiary ruling resulted in a fundamentally unfair trial. See Hans v. Abrahamson, 910 F.2d at 389; see also Thompkins v. Cohen, 965 F.2d 330, 333 (7th Cir. 1992) (holding that severely prejudicial harm must be shown); Cramer v. Fahner, 683 F.2d 1376, 1385 (7th Cir. 1982) (stating that the error must be "of such magnitude that the result is a denial of fundamental fairness"); Dudley v. Duckworth, 854 F.2d 967, 970 (7th Cir. 1988) (quoting United States ex rel. Palmer v. DeRobertis, 738 F.2d 168, 170 (7th Cir. 1986)) (stating that the concern is "'whether the probative value of the evidence outweighs the prejudice to the accused'").

Under the recent amendment of Section 2254, relief may only be granted if no reasonable jurist would disagree with the conclusion reached. See Drinkard v. Johnson, 97 F.3d at 767-69; Brown v. Cain, 104 F.3d at 749; Moore v. Johnson, 101 F.3d at 1076~ see also Hall v. Washington, 106 F.3d at 748-49. Petitioner cannot meet that standard here.

6

Regarding Petitioner's claim about Pulling's conclusion, Illinois' appellate court carefully reviewed the basis of Pulling's testimony. The court recited that Pulling had analyzed hair samples from Petitioner, his girlfriend, and the victim. Exhibit A at 11. The court noted that Pulling stated that certain hairs found on the victim's clothing and "among broken glass from her home" were consistent with Petitioner's hair.

The appellate court carefully distinguished Petitioner's claim from a claim advanced in People v. Linscott, 159 Ill.3d 71, 511 N.E.2d 1303 (1987), vacated 142 Ill.2d 22, 566 N.E.2d 1355 (1991), upon which Petitioner relied. The court noted that Pulling had stated that Petitioner's hair samples "were identical in all of the characteristics" listed in her notes to describe hair recovered from the victim's clothing. Pulling had not concluded that the hairs "matched." On the contrary, Pulling testified that she could not conclusively exclude all other persons but Petitioner.

The court further noted that the State's closing remarks were true to, and did not overstate, Pulling's opinion. Finally, the court observed that other evidence, most notably Petitioner's confession, established Petitioner's guilt independent of, and in addition to, Pulling's testimony.

With respect to that aspect of Petitioner's claim regarding the production of Pulling's report and her testimony with respect to its contents an unreasonable application of Supreme Court law, the appellate court noted that the State had disclosed the report three weeks before Pulling testified at trial and that the trial judge was willing to permit Petitioner additional time to further test the hair samples. Thus, the court concluded, the defense had "ample opportunity" to question the State's expert and obtain further reports. More importantly regarding the argued

7

inconsistency of Pulling's testimony, the court noted that Pulling's report had not, in fact, significantly differed from her trial testimony to the prejudice of Petitioner. Petitioner was able to, and did, cross-examine Pulling on the very point of her trial testimony. The court noted that Petitioner had presented his own expert's testimony to underscore the notion that a hair analysis could only exclude suspects, not conclusively identify the guilty person.

Finally, with respect to that aspect of Petitioner's claim regarding improper collection of hair samples, the appellate court determined that Petitioner failed to object to the collection method at trial and so was procedurally barred from raising the claim.

This court agrees with the Respondent that the above demonstrates not only that the court carefully considered Pulling's conclusion and the basis upon which it was made but that the court took stock of the other evidence which supported Petitioner's conviction. For those reasons, the main aspect of Petitioner's claim fails because the appellate court's conclusion about that aspect cannot be deemed an unreasonable application of Supreme Court law.

B.  Claim 2

Petitioner claims that the State knowingly used perjured testimony by Pulling. Buie's claim, however, is untenable due to procedural default.

Illinois law "requires persons seeking post-conviction relief to pursue their appellate remedies." Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993).

Petitioner pursued a claim of the knowing use of perjured testimony in his postconviction petition. He did not, however, subsequently present that claim on appeal following the denial of relief. Petitioner's appellate counsel on post-conviction review withdrew representation under Pennsylvania v. Finley, 481 U.S. 551 (1987). In the wake of counsel's motion to withdraw

8

representation, Petitioner did not pursue the appeal, pro se.

This court agrees with the Respondent that the Petitioner's failure to so present his claims to Illinois' appellate court results in a procedural default of the claim. In this case, Petitioner presented no claim to the appellate court. And Petitioner has demonstrated no basis to excuse the default. See Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995) (citing Harris v. Reed, 489 U.S. at 262; see also Rodriguez v. Peters, 63 F.3d at 555.

Further, in this court's view the Petitioner's claim is not salvaged by the appellate court's review of the record to assess counsel's motion to withdraw. See eg., Jackson v. Page, No. 96 C 4945, slip op. at 14, n.11 (N.D. Ill. July 31, 1997). Such review is not a full merits review of a case but is for the limited purpose of resolving the motion. See generally Willis v. Aiken, 8 F.3d 556 (7th Cir. 1993); Phillips v. Lane, 787 F.2d 208 (7th Cir. 1986); see also generally People v. Keene, 169 Ill.2d 1, 17 (1995). Petitioner's claim should therefore be barred.

C.  Claim 3

Petitioner claims that hearsay testimony was improperly presented at trial by police detectives Thomas Tansey, James O'Leary, and John Robertson. The statements all generally concern what Petitioner's girlfriend, Adelita Bright, told the detectives. Buie's claim is barred due to procedural default.

Illinois law "requires persons seeking post-conviction relief to pursue their appellate remedies." Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993).

On direct appeal and in his subsequent petition for leave to appeal to Illinois' supreme court, Petitioner did raise a claim concerning admission of hearsay testimony. But Petitioner did not include in his claim any contention regarding statements of Thomas Tansey. Petitioner

9

complained only of statements made by O'Leary and Robertson. Because Petitioner never raised any claim that Tansey presented hearsay testimony, Petitioner is procedurally barred from raising that aspect of his claim. See Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995).

With respect to the statements of O'Leary and Robertson, Petitioner's claim regarding hearsay, like Petitioner's Claim I above, is not one upon which habeas relief is generally available because the claim is essentially one related to a state evidentiary determination. See Hans v. Abrahamson, 910 F.2d at 389; Estelle v. McGuire, 502 U.S. at 67; see also Thompkins v. Cohen, 965 F.2d at 333; Cramer v. Fahner, 683 F.2d at 1385; Dudley v. Duckworth, 854 F.2d at 970. Moreover, given the careful consideration accorded the content of the objected-to statements of O'Leary and Robertson by Illinois' appellate court, no basis for habeas relief exists.

With respect to O'Leary, the court noted that Petitioner did not raise a specific objection at trial based on exclusion of hearsay, and so the question was simply whether the testimony was relevant. The court concluded that it was, noting that O'Leary's statement "was relevant to explaining the course of the police investigation."

With respect to Robertson, the court concluded that his testimony was not offered for its truth, and so the testimony was not, in fact, inadmissible as hearsay. Specifically, the objected-to testimony concerned Petitioner's having pawned a necklace to purchase cocaine. That statement, the court explained, was properly offered to establish that Petitioner's story differed from what Bright told police.

Consequently, since a reasonable jurist could agree with the appellate court's conclusions regarding Petitioner's claims of improper admission of O'Leary's and Robertson's testimony, habeas relief with respect to this claim is unavailable to the Petitioner. Drinkard v. Johnson, 97

10

F.3d at 767-69; Brown v. Cain, 104 F.3d at 749; Moore v. Johnson, 101 F.3d at 1076 see also Hall v. Washington, 106 F.3d at 748-49.

D.   Claim 4

Petitioner claims that his confession should have been suppressed because his arrest was not supported by probable cause. In addition, Petitioner claims that his confession should have been suppressed because it was coerced. Neither claim provides the Petitioner with habeas relief.

Claims regarding the legality of an arrest and admission of evidence obtained as a result of it are not constitutionally cognizable claims offering habeas relief unless a full and fair opportunity to litigate those claims in state court proceedings was denied. See Stone v. Powell, 428 U.S. 465, 482 (1976); Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir. 1992), cert. denied, 506 U.S. 57 (1992); see also Sanders v. Israel, 717 F.2d 422, 423 (7th Cir. 1983). Whether an adequate opportunity existed turns on whether, first, in the abstract, the state procedural mechanism provides such an opportunity, and, second, whether that procedural mechanism frustrated the particular habeas petitioner's ability to raise the claims. See Bostick v. Peters, 3 F.3d 1023, 1027 (7th Cir. 1993).

In this case, Illinois provides a meaningful procedural mechanism to raise fourth amendment claims. See Bostick v. Peters, 3 F.3d at 1027.

Petitioner, however, has failed to provide any evidence establishing the fact that the procedural mechanisms available for raising his claim were compromised. For example, a hearing was conducted on Petitioner's motion to quash the arrest and suppress the confession, bu the Petitioner does not complain about those proceedings. Because Petitioner has failed to demonstrate that he was denied a full and fair opportunity in state court to litigate the legality of

11

his arrest, no basis for habeas relief exists.

In addition, Petitioner's separate assertion that his confession was involuntary similarly fails. The claim centers on four factors: (1) his age at the time (24); the time spent living in the United States (5'/2 to 6 years); (3) the number of times he was interrogated (4) over the 24-hour period spent at the police station; and (4) alleged threats of John Robinson.

The Appellate Court of Illinois carefully reviewed each of the aspects above in rejecting the Petitioner's assertion that his confession was coerced. Given the court's careful consideration of the issue, it simply cannot be said that conclusion was an unreasonable application of Supreme Court law. In assessing Petitioner's claim, the court considered the record of testimony, on the one hand, of Petitioner in support of his assertion and, on the other, that of police detectives, an assistant State's Attorney, and a paramedic whose statements refuted Petitioner's claim. The appellate court found that the evidence was sufficient to support the trial judge's conclusion. The court noted that Petitioner's confession included Petitioner's own assertion that he had not been mistreated at the police station. The appellate court also noted that an assistant State's Attorney and a paramedic established the absence of any physical injury to Petitioner. Finally, with respect to Petitioner's age and time spent in this country, the appellate court noted that Petitioner understood and spoke English and that there was no basis to conclude that those circumstances affected the voluntariness of Petitioner's confession.

E. Claim 5

Petitioner claims that Marilyn Rech ("Rech") should have been excluded for cause because she indicated that she could not be a fair and impartial and had a good friend who was a Chicago police officer. The Petitioner's claim is barred due to procedural default.

Generally, to provide a basis for habeas review, Petitioner must present exactly the same claim at the trial and appellate levels of Illinois' state court system, including raising the claim in a petition for leave to appeal to the Illinois supreme court. See Nutall v. Greer, 764 F.2d 462, 463, 465 (7th Cir. 1993); Cawley v. DeTella, 71 F.3d at 695 but see Hogan v. McBride 74 F.3d 144, 147 (7th Cir. 1996).

In this case, the Petitioner did present his claim regarding Rech to Illinois' appellate court on direct appeal, but he did not present the claim subsequently to Illinois' supreme court of Illinois following the appellate court's judgment. Consequently, the claim is procedurally defaulted.

F.   Claim 6

Petitioner claims that the trial judge, at sentencing, was wrong to find that the murder was marked by brutal and heinous conduct such as to support Petitioner's sentence and that, therefore, Petitioner's sentence was unconstitutionally cruel and unusual. The Petitioner's claim is procedurally defaulted.

As a precondition to habeas relief on his claim, Petitioner had to have first given Illinois courts a fair opportunity to apply federal constitutional principles to correct the error. See Verdin v. O'Leary, 972 F.2d 1467, 1473 (7th Cir. 1992). Petitioner must have: (1) relied "'on pertinent federal cases employing a constitutional analysis;'" or (2) relied "'on state cases employing constitutional analysis in like fact situations;'" or (3) "'assert[ed] the claim in terms so particular as to call to mind a specific right protected by the Constitution;'" or (4) allege[d] "'a pattern of facts that is well within the mainstream of constitutional litigation.'" United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 454 (7th Cir. 1984) (quoting Daye v. Attorney General of

13

New York, 696 F.2d 186, 194 (2d Cir. 1982)). The mere presence of any one of the factors - especially factors (1) and (2) - does not automatically demonstrate fair presentment; courts must assess the specific facts of each case individuall See United States ex rel. Sullivan v. Fairman, 731 F.2d at 454 n.9; Bocian v. Godinez, 101 F.3d 465, 469 (7th Cir. 1996) (quoting Verdin v. O'Leary, 972 F.2d at 1476).

In this case, Petitioner did not satisfy any of the above concerns in raising, on direct appeal before Illinois' appellate court, his claim regarding the finding underlying his life sentence. Petitioner stated his claim entirely as a matter of Illinois law. In his subsequent petition for leave to appeal, Petitioner did manage to present the claim in constitutional terms, citing the protection against cruel and unusual punishment and Harmelin v. Michigan, 501 U.S. 957 (1991). But Petitioner failed to present any such claim to Illinois' appellate court. Accordingly, Petitioner's claim is procedurally defaulted.

G. Claim 7

Petitioner claims that Illinois' sentencing scheme is unconstitutional because the statute under which he was sentenced to natural life also permits for extended sentences of 60 to 100 years for the same crime. This claim is does provide the Petitioner with habeas relief.

A federal court on habeas review is "free to express an independent opinion" on whether a state court has "deviate [d] from the Constitution" on a legal question "contrary to" United States Supreme Court pronouncements. Lindh v. Murphy, 96 F.3d at 868-69, 870-71.

In this case, the Petitioner has failed to demonstrate that the Illinois statute violates the Constitution as interpreted by the Supreme Court. Under Illinois' sentencing scheme it is the presence or absence of mitigating and aggravating circumstances in any particular defendant's

case which permit a natural life sentence for a murder given brutal and heinous conduct. See People v. Abernathy, 189 Ill. App. 3d 292, 545 N.E.2d 201; People v. Cartalino, 111 Ill. App. 3d 578, 444 N.E.2d 662. Given that Buie's sentence was the result of this "mitigating and aggravating circumstances" process, there is no argument suggesting that such a process is unconstitutional.

H. Claim 8

Petitioner claims that the State engaged in several acts of misconduct at trial: (1) making improper remarks in rebuttal argument with respect to statements made by Adelita Bright; (2) tendering Maria Pulling's report late and suborning perjury with respect to her testimony; and (3) shifting the burden of proof to Petitioner with respect to Pulling's testimony.

With respect to the State's rebuttal argument concerning Bright's testimony, Petitioner's claim fails because, Bright's statements were properly admitted at trial. The State's comments in rebuttal argument with respect to those statements were not improper. See generally Darden v. Wainwright, 477 U.S. 168, 181 (1986). The State's comments were limited to noting that Petitioner had confessed after having been presented with Bright's statements.

With respect to the tendering of Pulling's report, Petitioner's claim of prosecutorial misconduct is procedurally barred. While Petitioner did raise the claim on direct appeal to Illinois' appellate court (Exhibit B at 25-29), he did not present that claim subsequently to Illinois' supreme court in his petition for leave to appeal (E at 12-19). See Nutall v. Greer, 764 F.2d at 463, 465; Cawley v. DeTella, 71 F.3d at 695~ but see Hogan v. McBride 74 F.3d at 147.

For reasons explained above with respect to Claim II, Petitioner is procedurally defaulted from claiming that the State suborned Pulling's perjury.

15

With respect to Petitioner's claim that the State improperly shifted the burden of proof to Petitioner regarding Pulling's testimony, Illinois' appellate court concluded that the State did not misrepresent Pulling's testimony. That conclusion cannot be deemed an unreasonable application of Supreme Court law. The record shows that the State's commentary was limited to pointing out that the hairs recovered from Ervin were "consistent every way down the line" with Petitioner's hairs. The State further remarked that the hairs simply corroborated Petitioner's presence at the crime scene. Nothing in that commentary improperly shifted the burden of proof to Petitioner.

Finally, notwithstanding procedural default and the fact that the non-defaulted aspects of Petitioner's claim are non-meritorious, Petitioner has not demonstrated how any of the objected-to remarks by the State "so infected the trial with unfairness as to make the resulting conviction a denial of due process." See Darden v. Wainwright, 477 U.S. at 181; see Rodriguez v. Peters, 63 F.3d 546, 558 (7th Cir. 1995). Sufficient prejudice exists only where alleged misconduct caused the jury to reach a verdict of guilty when it otherwise might not have done so. See Rodriguez v. Peters, 63 F.3d at 558 (citing Shaw v. De Robertis, 755 F.2d 1279, 1281, n.1 (7th Cir. 1985)). Petitioner cannot meet that standard here, particularly so in light of the fact that he confessed to murdering Ervin. See Rodriguez v. Peters, 63 F.3d at 558.

I.  Claim 9

Petitioner lists some 21 different aspects of counsel ineffectiveness.  Petitioner's claim is barred due to procedural default.

Generally, to provide a basis for habeas review, Petitioner must present exactly the same claim at the trial and appellate levels of Illinois' state court system, including raising the claim in a petition for leave to appeal to the Illinois supreme court. See Nutall v. Greer, 764 F.2d 462,

16

463, 465 (7th Cir. 1993); Cawley v. DeTella, 71 F.3d at 695 but see Hogan v. McBride 74 F.3d 144, 147 (7th Cir. 1996).

In this case, Petitioner's ineffectiveness claims are all procedurally defaulted for Petitioner's failure to have presented in state court any aspect of the claims now asserted. First, Petitioner presented no claim of trial or appellate counsel ineffectiveness whatsoever to the Appellate Court of Illinois on direct appeal or in his subsequent petition for leave to appeal to Illinois' supreme court. Petitioner's failure to do so is fatal to consideration of his claim. See Rodriguez v. Peters, 63 F.3d at 555.

In his post-conviction petition, Petitioner did not assert appellate counsel ineffectiveness. And, although Petitioner did raise a trial counsel ineffectiveness claim there, Petitioner does not here even seek relief on the same aspects of ineffectiveness. Further, even if the previously raised assertions were now being made as a basis for habeas relief, those assertions are barred as Petitioner failed to subsequently press those claims in a petition for leave to appeal to Illinois' supreme court. See Cawley v. DeTella, 71 F.3d at 695.

J. Claim 10

Petitioner claims that he was subject to disparate treatment by Illinois' appellate and supreme courts because other defendants have had their convictions reversed where the State has "misstated or overstated an expert's testimony."

Petitioner's claim falls short of providing a basis for relief because the claim has no basis in a constitutional violation. See 28 U.S.C. §2254; see generally Hans v. Abrahamson, 910 F.2d 384, 389 (7th Cir. 1990); see also generally Jones v. Thieret, 846 F.2d 457, 459 (7th Cir. 1988). There is no premise for Petitioner's claim: his assertion of prosecutorial misconduct is meritless.

Petitioner therefore cannot claim that his case was somehow treated differently from others by Illinois courts.

K.  Claim 11

Petitioner claims that he was convicted as a result of the cumulative effect of the constitutional errors that he asserts. Petitioner's claim is procedurally defaulted.

Petitioner's claim is procedurally defaulted for Petitioner's failure to have presented the same claim in any stage of his state court proceedings. Exhibits A, B, G, E; see Rodriguez v. Peters, 63 F.3d at 555.

L.  Claim 12

Petitioner claims that he was tried without the aid of an interpreter. Petitioner's claim is procedurally defaulted.

Petitioner's claim is, again, barred because Petitioner did not present the claim in any stage of his state court proceedings. See Rodriguez v. Peters, 63 F.3d at 555.

**Conclusion**

For the foregoing reasons, Buie's petition for habeas relief is denied.

Enter:

*David H. Coar*

David H. Coar

United States District Judge

Dated: August 22, 2002