Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 1034 | **DATE** | 10/1/2002 |
| **CASE TITLE** | United States ex rel. Joel Buie vs. Thomas Page, Warden, Menard Correctional Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached order, Petitioner's Motion for Issuance of a Certificate of Appealability [Doc. # 46] is granted on the following issues: (1) whether the alleged procedural and substantive flaws in the testimony of the hair analysis expert violated Petitioner's rights under the Due Process Clause; (2) whether the claim that the state knowingly presented perjured testimony from the hair analysis expert was procedurally defaulted when Petitioner failed to pursue his appellate remedies; and (3) whether the claim of ineffective assistance of counsel was procedurally defaulted when Petitioner failed to pursue his appellate remedies.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 49 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| jar/lc | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>JOEL BUIE, #N-82736 | )<br>) |
| Petitioner, | ) No. 97 C 1034<br>) |
| | ) HONORABLE DAVID H. COAR |
| v. | )<br>) |
| THOMAS PAGE, Warden, Menard<br>Correctional Center | )<br>)<br>) |
| Respondent. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Petitioner Joel Buie ("Petitioner" or "Buie") filed a petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2254. This Court denied the petition. On September 10, 2002, Buie filed a timely Motion for Issuance of a Certificate of Appealability. For the reasons stated in this opinion, the Motion for Issuance of a Certificate of Appealability is granted.

## FACTUAL & PROCEDURAL BACKGROUND

Petitioner was convicted of murder and armed robbery in Cook County, Illinois. He received a life sentence for murder and a concurrent thirty (30) year sentence for armed robbery. On direct appeal, his conviction and sentence were affirmed. See People v. Buie, 606 N.E.2d 279 (Ill. App. Ct. 1992), appeal denied, 616 N.E.2d 339 (Ill. 1993) (summary disposition). When his pursuit of collateral remedies in state court failed, he filed a timely habeas corpus petition in this Court. His habeas petition presented twelve grounds for relief. This Court denied his petition on August 27, 2002. See United States ex rel. Buie v. Page, No. 97-C-1034, 2002 U.S. Dist. LEXIS 16034 (N.D. Ill. Aug. 22, 2002).

Petitioner now seeks a Certificate of Appealability on three of the grounds raised in his petition: (1) improper admission of unscientific expert conclusions regarding hair analysis[1]; (2) presentation of perjured testimony from the hair analysis expert;[2] and (3) ineffective assistance of counsel.[3] In its decision, this Court denied the claim of improper admission of expert conclusions on the merits. United States ex. rel. Buie v. Page, No. 97-C-1034, 2002 U.S. Dist. LEXIS 16034, at *9-*13 (N.D. Ill. Aug. 22, 2002). The Court determined that the other two issues for which Petitioner seeks a certificate of appealability were procedurally defaulted. See id., 2002 U.S. Dist. LEXIS 16034, at *14-*15, *26-*27.

## DISCUSSION

### A. Standard of Review

A petitioner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court explained how a district court should evaluate a request for a COA. When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner

---

[1]This was "Claim I" in the original petition. In its opinion denying relief, the Court referred to this as Claim 1. See United States ex. rel. Buie v. Page, No. 97-C-1034, 2002 U.S. Dist. LEXIS 16034, at *8-*9 (N.D. Ill. Aug. 22, 2002).

[2]This was "Claim II" in the original petition. In its opinion denying relief, the Court referred to this as Claim 2. See United States ex. rel. Buie v. Page, No. 97-C-1034, 2002 U.S. Dist. LEXIS 16034, at *13 (N.D. Ill. Aug. 22, 2002).

[3]This was "Claim IX" in the original petition. In its opinion denying relief, the Court referred to this as Claim 9. See United States ex. rel. Buie v. Page, No. 97-C-1034, 2002 U.S. Dist. LEXIS 16034, at *26 (N.D. Ill. Aug. 22, 2002).

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484. When a district court has denied a petitioner's constitutional claims on procedural grounds "without reaching the prisoner's underlying constitutional claim," a COA should issue if jurists of reasons could debate whether the petition states a valid claim of the denial of a constitutional right *and* whether the district court was correct in its procedural ruling. Id. at 478.

### B. Improper Admission of Unscientific Expert Conclusions Regarding Hair Analysis

At Petitioner's trial, the state presented expert testimony from Maria Pulling, a hair analysis expert.[4] During her presentation of testimony, Pulling testified that the hair "came from Joel Buie." This testimony was materially different than the opinion that she offered in the report that the state belatedly disclosed to Petitioner in advance of her testimony. In his habeas petition, Buie alleged that the science of hair identification can never lead to a conclusion as precise as the one Pulling offered about the hair evidence in his case. Petitioner claimed that the unscientific testimony, the late disclosure of the expert's opinion, and the difference between the disclosed opinion and the proffered testimony violated his constitutional rights. The Court believes that "reasonable jurists" could find its conclusion denying relief on this basis "debatable," so it grants Petitioner's request for a certificate of appealability on this issue.

### C. Perjured Testimony from the Hair Analysis Expert

In his petitioner, Buie alleged that the state knowingly presented perjured testimony at his trial from Maria Pulling, the hair analysis expert. This Court found that the claim was

---

[4]The Court appreciates the irony of someone with the surname Pulling becoming an expert in hair analysis.

procedurally defaulted due to the petitioner's failure to pursue his appellate remedies. The allegations in the petition, if proven, would certainly state a valid claim of the denial of a constitutional right. The Supreme Court has adhered without hesitation to the principle that knowing use of false evidence in criminal trials violates the Due Process Clause. See Miller v. Pate, 386 U.S. 1 (1967) ("More than 30 years ago this Court held that the Fourteenth Amendment cannot tolerate a conviction obtained by the knowing use of false evidence. . . . There has been no deviation from that established principle.") (citations omitted); Mooney v. Holohan, 294 U.S. 103, 112 (1935) ("depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of evidence known to be perjured . . . is . . . inconsistent with the rudimentary demands of justice"); Napue v. Illinois, 360 U.S. 264 (1959) ("a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment"). After demonstrating a violation of this principle, the petitioner must also demonstrate that the false testimony was material to the issues in the case. See Tayborn v. Scott, 251 F.3d 1125, 1131 (7th Cir. 2001) ("the falsehood is deemed to be material only 'if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.' United States v. Agurs, 427 U.S. 97 (1976)."). In light of the evidence presented at Petitioner's trial, the allegation that Pulling's testimony was perjured, if proven, would likely meet this threshold of materiality. At the very least, it would be debatable among jurists of reason.

This Court decided that the claim was procedurally defaulted based on the clearly established rule that petitioners must pursue their appellate remedies in state court. Buie's petition in state court followed a somewhat peculiar course. His post-conviction petition, written

and filed *pro se* (Answer, Ex. G), was summarily denied. Petitioner appealed the denial of his state post-conviction petition with the representation of the State Appellate Defender. The State Appellate Defender requested to withdraw from Petitioner's appeal because there were no arguable bases for collateral relief. The state appellate court granted the request to withdraw and denied Petitioner's appeal in a two page order. As a result, this Court held that he had failed to pursue his appellate remedies. United States ex. rel. Buie v. Page, No. 97-C-1034, 2002 U.S. Dist. LEXIS 16034, at *14-*15 (N.D. Ill. Aug. 22, 2002). In light of the unusual disposition of Buie's state post-conviction petition, this Court believes that the determination that Buie procedurally defaulted his federal constitutional claims is debatable among jurists of reason. Consequently, his request for a certificate of appealability on this issue is granted.

### D.     Ineffective Assistance of Counsel

Petitioner alleged that his counsel's performance fell below what the Sixth Amendment requires in criminal cases. Allegations of ineffectiveness, if proven, constitute a valid claim for relief in federal habeas corpus cases. See Williams v. Taylor, 529 U.S. 362, 390–91 (2000) (describing standards for proving ineffective assistance violation on habeas corpus in federal courts). The Court found that his ineffectiveness allegation was procedurally defaulted for failure to pursue his appellate remedies in state court. See United States ex. rel. Buie v. Page, No. 97-C-1034, 2002 U.S. Dist. LEXIS 16034, at *26-*27 (N.D. Ill. Aug. 22, 2002). The basis for the procedural default determination on this claim is identical with the procedural default on the perjury claim. For the reasons stated there, the Court believes that reasonable jurists would find the procedural default determination debatable. Consequently, the Court grants Petitioner's request for a certificate of appealability on this issue.

## CONCLUSION

Petitioner's Motion for Issuance of a Certificate of Appealability is granted on all three issues, namely: (1) whether the admission of testimony from the hair analysis expert violated his constitutional rights; (2) whether the claim that the hair analysis expert perjured herself was procedurally defaulted; and (3) whether the claim of ineffective assistance of counsel was procedurally defaulted.

**Enter:**

_David H. Coar_ (signature)

**David H. Coar**
**United States District Judge**

**Dated: October 1, 2002**